UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **CHRIS PROSCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO:** |
| ) | |
| **SANTANDER CONSUMER USA** ) | |
| **INC.; ALLSTAR RECOVERY,** ) | |
| **LLC; PATRICK K. WILLIS** ) | |
| **COMPANY, INC. DBA** ) | |
| **AMERICAN RECOVERY** ) | |
| **SERVICES,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Chris Prosch, in the above-styled cause and for his Complaint against the Defendants states the following:

## PARTIES

1. The Plaintiff, Chris Prosch ("Prosch") is a resident and citizen of the state of Alabama, Tuscaloosa County, and is over the age of twenty-one (21) years.

2. The Defendant, Santander Consumer USA Inc. ("Santander"), is a foreign corporation and was, in all respects and at all times relevant herein, doing business

1

in the state of Alabama, and is registered to do business in Alabama.

3. The Defendant, Allstar Recovery, LLC ("Allstar Recovery"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama.  The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Tuscaloosa County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4. The Defendant, Patrick K. Willis Company, Inc. doing business as American Recovery Service ("ARS"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama.  The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Tuscaloosa County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## FACTUAL ALLEGATIONS

6. In or about January 21, 2016, Plaintiff purchased a 2009 Kia Spectra VIN

KNAFE221095598942 ("the Vehicle").

7. Plaintiff paid for the Vehicle with cash and at no point during the Plaintiff's ownership was the Vehicle encumbered with a lien.

8. Plaintiff's Certificate of Title issued on February 8, 2016 for a Vehicle shows no lienholder.

9. On or about June 2016, Santander contracted with Allstar Recovery and ARS (collectively known as "The Repossession Companies") to take possession of the Vehicle based on an alleged security interest.

10. On or about June 9, 2016, the Repossession Companies took possession of the Vehicle without notifying Plaintiff.

11. Plaintiff, not having any idea why the Vehicle was missing, filed a theft report with the police and a claim with his insurance.

12. During this time period, Plaintiff, a student at the University of Alabama, attempted to get a job as a restaurant delivery person.

13. Plaintiff was unable to take the job delivery position due to the loss of the Vehicle.

14. In addition, Plaintiff had to borrow vehicles from relatives due to the loss of the Vehicle.

15. On or about July 27-28, 2016, Plaintiff's insurance company located the Vehicle at a storage yard in possession of the Defendants.

16. The Vehicle was covered in several hard to remove identification stickers.

17.  Plaintiff was able to regain his possession of the Vehicle on July 28, 2016.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST DEFENDANTS

18.  The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

19.  The Defendants were under a duty to implement reasonable procedures in ensuring cars not encumbered by a security interest were not repossessed.

20.  The Defendants breached that duty by repossessing the Vehicle.

21.  As a proximate cause of Defendants' negligence, the Plaintiff has been deprived of the Vehicle, has incurred expenses for alternate transportation, and has suffered extreme embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT TWO
## WANTONNESS CLAIM AGAINST DEFENDANTS

22.  The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

23.  Defendants, with reckless disregard of the natural or probable consequences of its actions, acted in a manner that resulted in the unlawful repossession of the Vehicle.

24.  Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff.

25. As a proximate cause of Defendants' wantonness, the Plaintiff has been deprived of the Vehicle, has incurred expenses for alternate transportation, and has suffered extreme embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT THREE
## CONVERSION CLAIM AGAINST DEFENDANTS

26. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

27. The Defendants did not have a present and immediate right of possession of the Vehicle at the time of repossession.

28. Without the Plaintiff's consent, the Defendants intentionally deprived the Plaintiff of his rightful possession of the Vehicle.

29. At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

30. As a result of the Defendants conduct, the Plaintiff has been deprived of his Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION AGAINST DEFENDANTS

31. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

32. Defendants knew or should have known the status of the Vehicle, including the lack of an enforceable security interest, and the actions herein described which were directed at and visited upon the Plaintiff.

33. Defendants knew or should have known that said actions were improper.

34. Defendants negligently failed to train and supervise agents and employees in order to prevent said improper actions.

35. As a result of Defendants' negligence, the Plaintiff has been deprived of his Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

### COUNT FIVE
### RECKLESS AND WANTON TRAINING AND SUPERVISION AGAINST DEFENDANTS

36. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

37. Defendants knew or should have known the status of the Vehicle, including the lack of an enforceable security interest, and the actions herein described which were directed at and visited upon the Plaintiff.

38. Defendants knew or should have known that said conduct were improper.

39. Defendants recklessly and wantonly failed to train and supervise agents and employees in order to prevent said improper conduct.

40. As a result of Defendants' recklessness and wantonness, the Plaintiff has been deprived of his Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT SIX
## VIOLATION OF U.C.C. AGAINST DEFENDANT SANTANDER

41. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

42. Defendant Santander improperly repossessed the Vehicle without a present right to take such action.

43. This conduct violates Alabama Code § 7-9A-101, *et seq*.

44. As a result of this violation, the Plaintiff has been deprived of his Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT SEVEN
## FDCPA CLAIM AGAINST DEFENDANTS ALLSTAR RECOVERY AND ARS

45. The Plaintiff adopts the averments and allegations of all the above paragraphs

hereinbefore as if fully set forth herein.

46. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

47. Defendants took non-judicial action to effect dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6);

48. As a result of Defendant Allstar Recovery and ARS's conduct, the Plaintiff has been deprived of his Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT EIGHT
## INVASION OF PRIVACY AGAINST ALLSTAR RECOVERY AND ARS

49. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

50. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

> 15 U.S.C. § 1692(a) (emphasis added).

51. The Defendants undertook and/or directed actions to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of

Alabama.  Said actions were made in disregard for Plaintiff's right to privacy.

52. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy.  The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Allstar Recovery and ARS.

53. Said communications constitute the wrongful intrusion into his solitude and seclusion.

54. As a result of Defendant Allstar Recovery and ARS's conduct, the Plaintiff has been deprived of his Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants as follows:

55. Compensatory and punitive damages against the Defendants;

56. Remedies available against Defendant Santander under Alabama Code §7-9A-625, and any other statutory damages under the UCC;

57. Remedies available under the FDCPA against Defendants Allstar Recovery and ARS, including statutory damages, costs and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

58. Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/S/ W. WHITNEY SEALS
W. WHITNEY SEALS
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
whitney@plc-law.com

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com